Yongmoon Kim, Esq.
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff and those similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HYUN SOON CHUNG, *on behalf of herself and those similarly situated,* <br><br> Plaintiff, <br><br> vs. <br><br> GC SERVICES LIMITED PARTNERSHIP and JOHN DOES 1 to 10, <br><br> Defendants. | Civil Action No. <br><br><br><br><br><br> **CLASS ACTION COMPLAINT** |

Plaintiff, Hyun Soon Chung, by way of Complaint against Defendant, GC Services Limited Partnership and John Does 1 to 10 says:

### I. NATURE OF THE ACTION

1. Plaintiff brings this action for damages against Defendant arising from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendant regularly does business in this district.

### III.   PARTIES

4.   Plaintiff, Hyun Soon Chung ("Plaintiff" or "Chung"), is a natural person residing in Hackensack, New Jersey in Bergen County.

5.   Defendant, GC Services Limited Partnership ("Defendant" or "GCS") is a collection agency with an office located at 6330 Gulfton, Houston, TX 77081.

6.   Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

### IV.   FACTS

7.   Defendant is not in the business of extending credit, selling goods or services to consumers.

8.   Defendant regularly collects or attempts to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

9.   Defendant is in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

10.   Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

11.   Defendant is engaged in the collection business.

12.   Defendant has asserted that Plaintiff incurred or owed a certain financial obligation arising from an account originating from Citibank, N.A. ("Debt" or "Account").

13. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

14. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

15. Defendant contends that the Account is past-due and in default.

16. At some point after Plaintiff's alleged default, the original creditor of the Account determined that the debt was uncollectable, and therefore decided to "charge-off" the debt.

17. Creditors charge-off debts in accordance with federal regulations that permit the creditor to remove the debt from their financial records.[1] These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

18. Sometime after the original creditor charged-off the Account, the creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendant for collection.

19. The Account was past-due and in default when it was placed with or assigned to Defendant for collection.

20. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

21. In an attempt to collect the Debt, Defendant mailed a collection letter to Plaintiff on or after October 14, 2014 ("10/14/2014 Letter").

22. A true copy of the 10/14/2014 Letter, but with redactions, is attached as ***Exhibit A***.

---

[1] By charging off the Account, the Debt had been in default for a period of approximately 180 days. *See* Uniform Retail Credit Classification and Account Management Policy, 65 Fed. Reg. 36903 (June 12, 2000); *see also* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days.").

23. The 12/4/2014 Letter is the first written communication Plaintiff received from Defendant regarding the Account.

24. On information and belief, the 10/14/2014 Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendant and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

25. The 10/14/2014 Letter states, there is a "BALANCE DUE" of "**$7,547.53.**"

26. The 10/14/2014 Letter informs Plaintiff to:

> *As of the date of this letter, you owe $7,547.53. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which even we will inform you.*

27. On information and belief and contrary to the statement contained in the 10/14/2014 letter, at no time after October 14, 2014 did the original creditor of the Account add "interest" to the Account.

28. On information and belief and contrary to the statement contained in the 10/14/2014 letter, at no time after October 14, 2014 did the original creditor of the Account add "late charges" to the Account.

29. On information and belief and contrary to the statement contained in the 10/14/2014 letter, at no time after October 14, 2014 did the original creditor of the Account add "other changes" to the Account.

30. On information and belief, contrary to statements contained in the 10/14/2014 Letter, at no time does Defendant add "interest" to consumer debts, which are similar to the Account, and which it seeks to collect.

31. On information and belief, contrary to statements contained in the 10/14/2014 Letter, at no time does Defendant add "late charges" to consumer debts, which are similar to the Account, and which it seeks to collect.

32. On information and belief, contrary to statements contained in the 10/14/2014 Letter, at no time does Defendant add "other charges" to consumer debts, which are similar to the Account, and which it seeks to collect.

33. On information and belief, Defendant is not legally or contractually permitted to add "interest" to the Account.

34. On information and belief, Defendant is not legally or contractually permitted to add "late charges" to the Account.

35. On information and belief, Defendant is not legally or contractually permitted to add "other charges" to the Account.

36. Federal regulations require banks, such as Citibank, to send periodic statements on all accounts, including defaulting accounts, in order to assess and charge interest or fees to the account.[2] Thus, banks cannot charge fees or interest if periodic statement are not sent.

37. On information and belief, Citibank ceased sending periodic statements, charge-off the Account, and stopped charging additional interest and fees prior to Defendant's sending of the 10/14/2014 Letter.

38. In fact, the balance for the Account remained the same at $7,547.53. See Defendant's November 12, 2014 letter attached as ***Exhibit B***.

39. Defendant's statement that "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater" is false, deceptive, and misleading to the least sophisticated consumer because Defendant falsely suggests

---

[2] 12 C.F.R. § 226.5(b)(2)(i).

that the amount of the debt will increase from day to day because of interest, late charges, and other charges when, in fact, the original creditor has stopped charging interest and fees.

40. Such a false statement makes the least sophisticated consumer uncertain as to the amount allegedly owed to Citibank, and uncertain as to how much additional interest, late charges, and other charges would continue to accrue.

41. Defendant's false and misleading statement that "the amount due on the day you pay may be greater" "[b]ecause of interest, late charges, and other charges that may vary from day to day" is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that paying less than the full amount owed or not paying immediately would cause the balance to increase.

42. It is Defendant's policy and practice to send written collection communications, in the form exemplified by Exhibit A, in an attempt to collect consumer debts, which in violation of the FDCPA.

43. Defendant used the same procedures it used in sending the 10/14/2014 Letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

### V.    CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

45. Subject to discovery and further investigation which may cause Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> All consumers residing in the State of New Jersey, to whom Defendant GC Services Limited Partnership sent a collection letter; which letter (a) was dated on or after the date one year prior to the date this Complaint is filed up through the date this Complaint is

filed, (b) was seeking to collect a consumer debt allegedly owed to Citibank, N.A., and (c) contained the same or similar language, "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

46. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

47. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

48. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    a. Whether Defendant is a debt collector under the FDCPA;

    b. Whether the statement "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater" is false, deceptive or misleading;

    c. Whether Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1); and

    d. Whether Plaintiff and the Class are entitled to statutory damages.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

50. Plaintiff's claims are typical of the claims of the members of the Class.

51. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

52. Plaintiff does not have interests antagonistic to those of the Class.

53. The Class, of which Plaintiff is a member, is readily identifiable.

54. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

55. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

56. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI.    FIRST COUNT: VIOLATIONS OF THE FDCPA

57. Plaintiff, on behalf of herself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

58. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

59. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

60. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

61. The 10/14/2014 Letter, copy of which appear as Exhibit A, is a "communication" as defined by 15 U.S.C. § 1692a(2).

62. The letters, which are the same or similar in form to Exhibit A, sent by Defendant to other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

63. The 10/14/2014 Letter and the letters that are the same and similar in form to the 10/14/2014 Letter were sent by Defendant to Plaintiff and those similarly situated in an attempt to collect the debts.

64. Defendant's use of the written communications in the form attached as Exhibit A sent to Plaintiff and those similarly situated, violated the FDCPA in one or more of the following ways:

> a. Defendant made false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;
>
> b. Defendant made false representations of the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A);
>
> c. Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);
>
> d. Defendant used false representations or deceptive means to collect or attempt to collection a debt, in violation of 15 U.S.C. § 1692e(10).
>
> e. Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f;

  f. Defendant attempted to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1); and

  g. Defendant failed to properly disclose the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

65. The violations of the FDCPA described herein constitute *per se* violations.

66. Based on any one or more of those violations, Defendant is liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Hyun Soon Chung, on behalf of herself and others similarly situated, demands judgment against Defendant, GC Services Limited Partnership, as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For maximum statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For maximum statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.  CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff on behalf of herself and those similarly situated*

Dated: October 13, 2015